**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION**

| | |
|---|---|
| IN RE | |
| MORGAN COLE YOUNG<br>BRANDON JAMES YOUNG | CASE NO. 22-60025 |
| DEBTORS | |
| JAMES WESTENHOEFFER, CHAPTER 7 TRUSTEE | PLAINTIFF |
| V. | ADV. NO. 22-6005 |
| HYUNDAI CAPITAL AMERICA D/B/A KIA MOTOR FINANCE, ET AL. | DEFENDANTS |

**MEMORANDUM OPINION**

The Plaintiff James R. Westenhoeffer, the chapter 7 trustee ("Plaintiff"), and the Defendant Hyundai Capital America d/b/a Kia Motor Finance ("Defendant"), filed cross-motions for summary judgment. [ECF Nos. 23, 24, 32.] A hearing was held on August 18, 2022, and the matter taken under submission. [ECF No. 35.] The Plaintiff's Motion for Summary Judgment is granted, and the Defendant's Motion for Summary Judgment is denied.

I. **Background.**

A. **Jointly Stipulated Facts.**

The Debtor Brandon James Young and non-debtor James Young agreed to purchase a 2021 Kia Forte VIN: 3KPF44AC4ME394355 ("Vehicle") from Don Franklin Somerset Kia ("Dealership"). The purchase is evidenced by a Retail Installment Sale Contract ("Sale Contract"), which was assigned to the Defendant. [ECF No. 22 at ¶¶ 1-3; *see also* Joint Exh. 1.]

The Sale Contract provides the same Somerset, Kentucky, address for both buyers, but indicates James Young's address is in McCreary County and the Debtor's address is in Wayne

County. [*Id.*, Joint Exh. 1.] The Defendant concedes the Debtor lived in Monticello, Wayne County, Kentucky. [*Id.* at ¶ 12; *see also* ECF No. 35.]

The Dealership prepared official state form TC 96-182 to apply for the title and registration on the Vehicle ("Application"). [ECF No. 22 at ¶ 6; *see also* Joint Exh. 3.] The Dealership listed "MCCREARY" in the space labeled "COUNTY LIEN TO BE FILED IN" on the Application. The Dealership also prepared a title lien statement naming the Defendant as the secured party. [ECF No. 22 at ¶ 8; *see also* Joint Exh. 5.]

The Dealership filed the Application and the title lien statement with the McCreary County Court Clerk. [ECF No. 22 at ¶ 8; *see also* Joint Exhs. 3 and 5.] The title to the Vehicle was issued and shows the Defendant's lien in McCreary County. [ECF No. 22 at ¶ 9; *see also* Joint Exh. 6.]

**B. Inaccuracies on the Sale and Titling Documents.**

The Dealership made several obvious mistakes and inconsistencies when it prepared the Sale Contract and Application. [*See* ECF No. 24 at ¶ 4 (the Dealership prepared the documents).] The Sale Contract lists two different counties, McCreary and Wayne, for the same Somerset, Kentucky address. [ECF No. 22, Joint Exh. 1.] Somerset is in Pulaski County.

The Dealership changed the city to Monticello on the Application but designated the county of residence as McCreary County. [*Id.*, Joint. Exh. 3.] Monticello is in Wayne County, which is the county listed for the Debtor on the Sale Contract.

The petition indicates the Debtor lives at 351 W. Columbia Ave, Monticello, Wayne County, Kentucky. [*Id.*, Joint Exh. 2.] The street number in both the Sale Contract and Application is inconsistent (i.e., 349). [*Id.*, Joint Exhs. 1, 3.]

**II.    Summary Judgment.**

The Plaintiff seeks to avoid the Defendant's lien on the Vehicle in his capacity as a hypothetical judicial lien creditor under 11 U.S.C. § 544.  [ECF No. 1.]  The Plaintiff contends the lien was not properly perfected under K.R.S. § 186A.190 because it was filed in the wrong county.  [ECF No. 32.]  The Defendant concedes its lien was filed in the wrong county but argues recent amendments to the statute created a safe harbor that allows it to rely on the county listed in the Application to determine where to file its lien.  [ECF Nos. 23, 24.]

Summary judgment is appropriate if there are no genuine issues of material fact.  FED. R. CIV. P. 56 (incorporated by FED. R. BANKR. P. 7056); *Menninger v. Accredited Home Lenders (In re Morgeson)*, 371 B.R. 798, 800–01 (B.A.P. 6th Cir. 2007).  The parties agree that there are no disputed facts and request a decision based on the record.

Resolution of this case requires interpretation of a statute.  Interpretation of a statute is a matter of law.  *Derungs v. Wal-Mart Stores, Inc.*, 374 F.3d 428, 431 (6th Cir. 2004) (citing *Royal Geropsychiatric Services, Inc. v. Tompkins*, 159 F.3d 238 (6th Cir. 1998)).

The matter is therefore ripe for a decision.

**III.    The Defendant's Lien Is Unperfected and Avoidable.**

    **A. A Secured Creditor Must File the Titling Documents in the County Where the Debtor Resides Pursuant to K.R.S. § 186A.190.**

A lienholder can only perfect a security interest in a certificated motor vehicle by notation of its lien on the title.  K.R.S. § 186A.190(1).  It is well-settled that a lien is unperfected and avoidable by a bankruptcy trustee if the title documents are filed in the wrong county.  *See, e.g., Vanderbilt Mortgage and Finance, Inc. v. Higgason (In re Pierce)*, 471 B.R. 876, 882 (B.A.P. 6th Cir. 2012) (holding a lien is avoidable under § 544 where the lien was noted in the wrong county of residence); *Johnson v. Branch Banking and Trust Co.*, 313 S.W.3d 557, 561

(Ky. 2010) (holding perfection of a vehicle lien does not occur until physical notation is made on the title pursuant to K.R.S. § 186A.190).

K.R.S. § 186A.190 was amended in 2020, which is the basis for this dispute. *See* K.R.S. § 186A.190 (effective July 15, 2020). The amended statute still requires a lienholder to note its lien on the title in the county where a debtor resides. K.R.S. § 186A.190(1). The lien is noted "when the provisions of subsection (3) of this section have been complied with." K.R.S. § 186A.190(1). Subsection (3) provides that perfection occurs "when a title lien statement: (a) Is received by the county clerk in which residence of the debtor resides as determined under the provisions of this section together with the required fees, **as <u>designated</u> by the debtor in the sworn statement**; …" K.R.S. § 186A.190(3)(a) (emphasis supplied).

Subsection (3) refers to subsections (2) and (4) to determine the debtor's county of residence. K.R.S. § 186A.190(3). Subsection (4) is not applicable. Subsection (2) was added when the statute was amended in 2020 and provides:

> (2) A motor vehicle dealer, a secured party or its representative, an assignee of a retail installment contract lender, or a county clerk **shall rely on a county of residence <u>designated</u> by the debtor on any approved, notarized state form utilized in lien titling or the title transfer process signed by the debtor.** Reliance on the foregoing by the motor vehicle dealer, secured parties, and county clerk shall relieve those persons from liability to any third-party claiming failure to comply with this section.

K.R.S. § 186A.190(2) (emphasis supplied).

Subsection (2) was added to create a safe harbor for creditors who file liens in the wrong county based on a debtor's designation of his county of residence. *See* H.B. No. 411, Ky. Gen. Assemb., 2020 Regular Session (Ky. 2020) (a summary indicates the amendment was "to establish that the county of residence designated by the debtor shall be relied upon in the titling

process and that reliance shall relieve motor vehicle dealers, assignee lenders, secured parties, and county clerks from liability from third parties.").

    **B. The Defendant's Lien Was Filed in the Wrong County and the Safe Harbor Does Not Apply.**

The Defendant admits the lien is noted in the wrong county on the Application but invokes the safe harbor because the Application lists McCreary County as the county of residence. The Defendant claims the Application is the only "approved, notarized state form utilized in lien titling or the title transfer process signed by the debtor". K.R.S. § 186A.190(2). This argument fails because the safe harbor only applies if the filer relies on a debtor's designation in a sworn statement; the Application is not a sworn statement. K.R.S. § 186A.190(3)(a) (see highlighted portions of the statute in Part III.A).

The Application does not indicate the Debtor appeared before the notary and swore under oath that McCreary County is his county residence. The Application is a state form that is signed by the Debtor and notarized. But the notarial certificate only confirms the document was "subscribed and attested before me" by the Debtor and co-buyer. K.R.S. § 423.360 (certificate of notarial act).

The words "subscribed and attested" are not the same as "subscribed and sworn." *See Prodigy Constr. Corp., Inc. v. Brown Capital, Ltd.*, 525 S.W.3d 108, 112 (Ky. Ct. App. 2017) (mechanic's lien is defective where the language does not reflect that it was "subscribed and sworn to" as required by statute). *See also 3D Enterprises Contracting Corp. v. Louisville and Jefferson Ct. Metro. Sewer Dist.*, 174 S.W.3d 440, 445-46 (Ky. 2005) (statutes that govern perfection are strictly construed). "The term 'sworn to' implies that the subscriber shall have declared upon oath the truth of the statement to which his name is subscribed." *See Indiana Quarries Co. v. Simms*, 165 S.W. 422, 423 (Ky. 1914); *see also Baldin v. Calumet Nat'l Bank* (*In*

*re Baldin)*, 135 B.R. 586, 600 (Bankr. N.D. Ind. 1991) (a sworn statement is one in which a notary attests that a person appeared before him and swore to a statement of fact); BLACK'S LAW DICTIONARY 1417 (7th ed. 1999) (defining "sworn statement" as "a statement given under oath; an affidavit.").

A sworn statement is a conscious and affirmative representation of fact. *Com. of Ky., Transp. Cabinet, Dept. of Vehicle Reg. v. Williams*, 833 S.W.2d 385, 387 (Ky. Ct. App. 1992) (a sworn statement must be "sufficient to bind the conscience of the affiant"). It is more than a mere acknowledgement. *Hub City Wholesale Elec., Inc. v. Mik-Beth Elec. Co., LTD*, 621 S.W.2d 242, 243 (Ky. Ct. App. 1981). The signature on the standardized Application does not show the Debtor swore under oath that McCreary County is his county of residence.

### C. The Debtor Did Not Designate His County of Residence on the Application.

The statute was not followed, so the lien is avoidable. This conclusion is consistent with a plain reading of the statute and supported by general principals of contract interpretation. Subsections (2) and (3) require designation of the county of residence by the debtor. K.R.S. § 186A.190(2) and (3) (see highlighted portions of the statute in Part III.A). The Dealership's mistakes and inconsistencies make it impossible to conclude the Debtor designated McCreary County as his county of residence even if the statute did not require a sworn statement. *See* Part I.B.

Contracts are "construed more strongly against the party which drafted the document." *L.K. Comstock & Co. v. Becon Const. Co.*, 932 F. Supp. 948, 968 (E.D. Ky. 1994); *Morganfield Nat'l Bank v. Damien Elder & Sons*, 836 S.W.2d 893, 896 (Ky. 1992) (citing *Fidelity & Deposit Co. of Maryland v. Lyon*, 124 S.W.2d 74, 77 (1938)).

"[A]s between the seller who wrote the contract and the buyer who signed the seller's form contract, the seller who created the mistake should be responsible for its mistake." *Daggart of Richmond Inc. v. M & D Firedoor*, 24 Misc. 3d 1227(A), 897 N.Y.S.2d 669 (N.Y. Sup. Ct.), *judgment entered sub nom. Daggart of Richmond Inc. v. M&D Fire Door* (N.Y. Sup. Ct. 2009) (citing *DaSilva v. Musso*, 53 N.Y.2nd 543 (N.Y. 1981)); *see also Journey Acquisition-II, L.P. v. EQT Prod. Co.*, 39 F. Supp. 3d 877, 900 (E.D. Ky. 2014) (drafting errors in a lease are construed against the drafter); *Coomer v. Gray*, 750 S.W.2d 424, 426 (Ky. 1988) (an instrument is construed against drafter when an ambiguity due to error exists).

The Dealership is the party with superior knowledge. Listing the conflicting counties in the Sale Contract was an obvious error that the Dealership could and should have investigated and easily corrected before preparing and filing the Application and title lien statement. *See Nat'l Tax Inst., Inc. v. Topnotch at Stowe Resort & Spa*, 388 F.3d 15, 18 (1st Cir. 2004) (construction against the drafter "has more force where the parties differ in sophistication or where standard forms are used"). The Defendant must take the transaction with all faults. C.V. Hill & Co. v. Hadden's Grocery, 185 S.W.2d 681, 683 (Ky. 1945) (assignee assumes the benefits and the burdens).

The Plaintiff did not designate his county of residence on the Application on these facts. The Defendant is not entitled to the protection afforded creditors in subsection (2) of K.R.S. § 186A.190. *See Spencer v. Spencer*, 191 S.W.3d 14, 17 (Ky. Ct. App. 2006) (a safe harbor exists to protect a person from a threatened harm).

### IV. Conclusion.

The lien was filed in the wrong county and the Defendant cannot rely on the safe harbor as an excuse. The Defendant's lien is unperfected under K.R.S. § 186A.190 as a matter of law. The Plaintiff may avoid the lien as a hypothetical judicial lien creditor pursuant to § 544.

Therefore, it is ORDERED that the Plaintiff's Motion for Summary Judgment [ECF No. 32] is GRANTED and the Defendant's Motion for Summary Judgment [ECF Nos. 23, 24] is DENIED. A separate judgment shall enter concurrently with this Memorandum Opinion consistent with the ruling herein.

___

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



Signed By:
*Gregory R. Schaaf*
**Bankruptcy Judge**
**Dated: Friday, September 16, 2022**
**(grs)**